SHAPLEIGH *et al. v.* ROOP *et al.*

Section 1847 of the Code, in relation to attachments, does not mean that the original petition in the suit, must constitute that in attachment

Shapleigh et al. v. Roop et al.

also, when the writ is sued out at the commencement of the suit; but that there must be a separate petition, if it is sued out subsequent to the institution of the action.

The petition for a writ of attachment, may be either the original petition in the action, or a separate one, filed at the same time.

Where a plaintiff commenced his action by filing two petitions at the same time—one claiming to recover on a promissory note, for $648,54, with interest after maturity, and claiming one thousand dollars damages, and the other asking an attachment against the defendants, stating that they were indebted to the plaintiffs in the sum of $671,09, which was then due, and setting forth the cause for an attachment under the act of 1853, which was properly sworn to; and where the defendants moved to dissolve the attachment, which motion was sustained; *Held*, That the court erred in quashing the attachment.

## *Appeal from the Mahaska District Court.*

### WEDNESDAY, OCTOBER 13.

On the 12th of December, 1857, the plaintiffs filed two petitions in the clerk's office. The one, in common form, claiming to recover on a promissory note of $648,54, with interest after maturity, and laying his damages at one thousand dollars, which was not sworn to. The other petition was for an attachment against the defendants, stating that they were indebted to the plaintiffs in the sum of $671,09, which was then due, and setting forth the cause for an attachment under the act of 1853, and which is properly stated and is sworn to. The defendants moved to dissolve the attachment, because the petition is not sworn to; does not state any cause for which an attachment could issue; and because the petition sets up one cause of action, and the affidavit sets up a different claim and cause of action. The motion was sustained and the attachment dissolved, and the plaintiffs appeal.

*W. H. & J. A. Seevers*, for the appellants.

*Crookham & Fisher*, for the appellees.

WOODWARD, J.—The cause for an attachment is well

stated under the act of 1853. But the principal objection raised is, that there are two petitions, whilst the attachment was made at the commencement of the action. The defendant urges that when the attachment is sued out in the beginning of the suit, there can be but one petition ; and that the petition stating the cause of action, must contain the cause for the attachment, and must be sworn to.

We do not so understand the law. The proceedings in attachment are but auxiliary, and the petition for it may be either the original petition in the action, or a separate one filed at the same time. Section 1847 of the Code does not mean that the original petition must constitute that in attachment also, when this is sued out at the commencement; but only that there must be a separate petition, if it is sued out subsequent to the institution of the action. Both methods have been practiced at the commencement of actions, but the better practice is to file a separate petition for attachment in all cases.

The sums stated in the petition for the attachment, is in compliance with section 1849 of the Code, which requires a statement, as nearly as practicable, of the amount actually due, as a guide to the sheriff. And this requirement constitutes one of the reasons why the petition for an attachment, should be separate from the original petition in the action.

It being our opinion that the court erred in sustaining the motion, we do not consider whether the plaintiff should have been permitted to amend.

Judgment reversed.