## VAN WINKLE v. A. J. STEVENS & Co.

1. WRIT OF ATTACHMENT. When the petition setting forth the cause of action, also asked for an attachment for sufficient cause, but no writ was issued until several days afterward; *Held*, that it was properly issued.
2. CODE CONSTRUED. Section 1847, of the Code, applies to cases when the attachment is sought after the commencement of the action.
3. ATTACHMENT: AMOUNT OF PENALTY. An attachment bond in double the sum claimed by plaintiff is insufficient. It should be in double the value of the property which the sheriff may attach.
4. SAME. The filing of a new bond cures such defect.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 13.

ACTION on a note. Judgment for plaintiff, and appellant appeals. The questions raised by the appellant are stated in the opinion of the court.

*Brown & Ellwood*, for the appellant.

*Williamson & Nourse*, for the appellee.

WRIGHT, C. J. — Where the petition which contained a statement of the plaintiff's cause of action, asked an attach-

ment for a sufficient cause, and was properly verified, and where a writ of the attachment was issued in the case several days afterwards. *Held*, that it was properly issued, and that it was not necessary for plaintiff to file another petition asking for such a writ.

*Held*, also, that the provision of the Code, section 1847, requiring a separate petition, applies to cases where the attachment is sought after the commencement of the action, and not where it is asked at the time of its commencement.

The bond first filed was not in a sufficient amount, being in double the sum sworn to by plaintiff, instead of double the value of the property sought to be attached. *Churchill* v. *Fulliam*, 8 Iowa 45; *Hamill, Ralston & Co.* v. *Phœnice*, *infra*. After objection was made to it upon this ground, a new bond was filed curing the defect. *Held*, that the force of the objection was thus obviated, and the motion was properly overruled.

Judgment affirmed.