## DAVIS v. EPPINGER, Defendant—KLOPENSTINE & CO., Intervenors.

An attachment issued upon a debt not due is void as against creditors whose rights are injuriously affected by it.

*Patrick* v. *Montader* (13 Cal. 434) goes upon the ground that the debt, on which the attachment issued was *equitably due*, and hence does not conflict with the rule laid down here.

A note payable one day after date, without grace, cannot be sued on the day after its execution.

In an attachment suit, judgment creditors of defendant may intervene to set aside the attachment because void as to them.

APPEAL from the Sixth District.

Intervention of a judgment creditor to set aside an attachment

against the common debtor on the ground that suit was prematurely brought, and that hence the attachment is void as to the intervenors.

One Eppinger, on the fifth day of July, 1860, executed and delivered to the Respondent Davis, his promissory note for five hundred and fifty-nine dollars and sixty cents, payable one day after date without grace.  On the following day, Davis instituted suit upon the note against Eppinger, and took out an attachment which was levied on the same day upon all his property.  Klopenstine & Co. the appellants, were judgment creditors of Eppinger, their judgment bearing date February 3d, 1860, and on the seventh day of July, 1860, caused execution to be issued on their judgment, and placed it in the hands of the Sheriff, who on the same day levied it upon the same property, upon which he had previously levied the attachment of Davis.  On the ninth day of July, 1860, Eppinger filed an answer to the complaint of Davis, admitting all the allegations of the complaint, and consenting to judgment.  On the twelfth day of July, 1860, and before any judgment had been taken in the case of *Davis* v. *Eppinger*, Klopenstine & Co., the appellants, filed their bill of intervention, setting out the facts before stated, and in addition thereto charging that Davis, at the time of the institution of his suit, had no cause of action against Eppinger ; that Eppinger was insolvent; that the property levied upon was not sufficient to satisfy these judgments ; that the suing out and levy of this attachment was a fraud upon their rights, and hindered, delayed and defrauded them in the collection of their debt; that Davis and Eppinger had combined to hinder, delay and defraud the creditors of Eppinger in the collection of their debts; and praying that the attachment of Davis might be postponed to their execution.  Eppinger answered this complaint of intervention, denying all fraud.  Davis did not answer the intervention.

The Court below found : first, that the note was not due at the time the suit of *Davis* v. *Eppinger* was brought, and that said suit was prematurely brought ; second, that the appellants Klopenstine & Co. were not in a position to take advantage of that fact, and thereupon dismissed their intervention.  Intervenors moved for a new trial, which being overruled, they appeal.

*R. C. Clark*, for Appellants.

1. The suit of *Davis* v. *Eppinger* was prematurely brought. (*Wilcombe* v. *Dodge*, 3 Cal. 260 ; *McFarland* v. *Pico*, 8 Id. 634.)

2. The institution of suit by attachment on a note before any cause of action has arisen, is a fraud upon the rights of other creditors, and such fraudulent attachment will be set aside as to such other creditors. (*Pierce* v. *Jackson*, 6 Mass. 244 ; *Swift* v. *Crocker*, 21 Pick. 241 ; *Smith* v. *Gettinger*, 3 Ga. [Kelly] 144, 145 ; Drake on Attachment, sec. 275 ; *Hale* v. *Chandler*, 3 Mich. [Gibbs] 535, 541, 543 ; *Patrick* v. *Montader*, 13 Cal. 434, 441, 442.)

3. Appellants can intervene. (*Yuba* v. *Adams & Co.*, 7 Cal. 35 ; *Dixey* v. *Pollock*, 8 Id. 570.)

·*Frank Hereford*, for Respondent.

1. The suit was not prematurely brought ; demand and refusal having been made, we had a right to bring suit. (19 Pick. 122 ; *Whitwell* v. *Brigham*, Id. 401 ; *City Bank* v. *Cutter*, 3 Id. 414 ; *Greely* v. *Thurston*, 4 Greenl. 479 ; 7 N. H. 201 ; 1 Nott & McCord, 440.)

2. Intervenors have no right to object to the suit being prematurely brought. (*Dixey* v. *Pollock*, 8 Cal. 570.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is a proceeding by attachment to recover the amount of a promissory note executed by the defendant Eppinger. The note was drawn payable one day after date without grace, and the suit was commenced on the day following its execution. The attachment was issued at the commencement of the suit, and levied upon all the property of which Eppinger was the owner. A petition of intervention was filed by certain judgment creditors of Eppinger, seeking relief against the attachment.

If the intervenors have any rights in the premises, we are satisfied that they have pursued the proper remedy. On this point, it

Davis *v*. Eppinger.

is only necessary to refer to previous decisions of this Court, in which the subject has been fully considered. (*Yuba County* v. *Adams*, 7 Cal. 35; *Dixey* v. *Pollock*, 8 Id. 570.) The point in relation to the commencement of the suit has also been settled by this Court, and there is no doubt that the action was prematurely brought. (*Wilcombe* v. *Dodge*, 3 Cal. 260; *McFarland* v. *Pico*, 8 Id. 626.) The objections to the judgment under which the in tervenors claim are of too frivolous a nature to require notice.

The only question of importance is whether the plaintiff acquired by his attachment a valid lien upon the property of Eppinger. If he did not, the intervenors are undoubtedly entitled to relief; and our opinion, upon a careful examination of the question, is that he did not. He relies upon the case of *Patrick* v. *Montader*, (13 Cal. 434) but in doing so he evidently overlooks the essential elements of that case. There the debt was held to be equitably due, and the decision was placed expressly upon that ground. It was admitted " that an attachment is at least *prima facie* void as against another attachment, where the first is issued before the maturity of the debt." But as the debt in that case was equitably due, the Court would not interfere to deprive the creditor of his advantage. His suit had been improperly brought, but he was entitled to the benefit of the equities in his favor. This is all that was decided; and in what particular the two cases can be regarded as analogous we are unable to perceive. In this case, the debt was not due either legally or equitably, and the pretensions of the plaintiff are based upon the bald proposition that the validity of the attachment cannot be impeached upon that ground. This proposition is not supported by any of the authorities, and we are aware of no principle upon which it could be maintained. Drake, in his work on attachment, (sec. 773) lays down the doctrine broadly, that " where an attachment appears to have issued on a debt not due, it will be set aside in favor of a junior attachment upon a debt that was due." In *Pierce* v. *Jackson*, (6 Mass. 242) the Court said: " If the plaintiff, when he caused the attachment to be made on his writ, had no cause of action, he cannot claim the benefit of his attachment against a creditor having a good cause of a action." In *Swift* v. *Crocker*, (21 Pick. 241) the language of the Court

was equally emphatic; the question being whether the claim of the plaintiff was due and payable at the time of instituting the suit. "If not," said the Court, "the subsequent attaching creditors will sustain their petition, and the attachment by the plaintiff must be dissolved." In *Smith* v. *Gettinger*, (3 Ga. 140) a similar question was presented, and the same conclusion arrived at; and in *Hale* v. *Chandler*, (3 Gibbs, 531) the Court said: "It is established by a uniform course of decisions in this Court, that to entitle a party to commence a suit in attachment, he must have a present cause of action at the time he makes his affidavit, and sues out his writ." The controversy was between creditors, and an attachment issued before the maturity of the debt was set aside. We might refer to many additional authorities; but they proceed upon the same ground, and it is therefore unnecessary to do so. The universal language of the cases is, that an attachment issued upon a debt not due is void as against creditors whose rights are injuriously affected by it. In other words, an attachment so issued has always been regarded as a fraud upon the rights of such creditors. We accord to this doctrine our unqualified approval, and consider it decisive of the present case.

Our conclusion is that the attachment of the plaintiff should be set aside in favor of the intervenors. So far as they are concerned the judgment must be reversed, and the Court below directed to administer the proper relief. There is no necessity for disturbing the proceedings as between the plaintiff and Eppinger.

Judgment reversed and cause remanded.