29   673
111   393
29   673
124   109

## J. H. COGHILL & CO. v. SAMUEL MARKS, AND JOHN GROSS, ASSIGNEE OF ROBT. MARKS, INTERVENOR.

RIGHT TO INTERVENE IN A SUIT WHERE PROPERTY IS ATTACHED.—Where a subsequent attaching creditor has his attachment levied on the property previously levied on by a prior attaching creditor, he is entitled to intervene in the action between the first attaching creditor and the defendant, if the first attachment was fraudulently procured, and the common debtor has not sufficient property to pay both claims.

EVIDENCE TO SHOW RIGHT TO INTERVENE.—Where a subsequent attaching creditor intervenes in the suit between a prior attaching creditor and the common debtor, and no question is raised as to the honesty of his debt, his judgment against the common debtor is admissible in evidence to 'show that the common debtor owed him, and is decisive of the question.

POSTPONEMENT OF LIEN OF PRIOR ATTACHMENT ON GROUND OF FRAUD.—Where a subsequent attaching creditor intervenes to set aside a prior attachment on the ground of fraud, if the Court finds that a portion only of the debt on which the prior attachment issued was fraudulent, the lien of the prior attachment should be postponed only as to that portion of the debt which was fraudulent.

COMMENCING AN ATTACHMENT SUIT BEFORE DEBT IS DUE.—If the debt on which an attachment was issued was not due when the suit was commenced, a subsequent attaching creditor cannot by intervention postpone the lien of the first attachment to his own, unless the plaintiffs in the first action fraudulently commenced their action.

NEW TRIAL ON GROUND OF SURPRISE.—Where a defendant, whose property has been attached, files an evasive answer under oath, which admits the indebtedness sued on, and then, on a trial between an intervenor, a subsequent attaching creditor, and the plaintiff, without intimating that he would do so, testifies that the debt was not due, it is sufficient cause for a new trial on the ground of surprise.

ORDER GRANTING A NEW TRIAL.—An order granting a new trial does not stand or fall upon the reasons which the Court making the order assigned for it, but upon all the facts in the record.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

J. H. Coghill & Co. commenced an action against Samuel Marks to recover judgment for nine hundred and eleven dollars and sixty-four cents, for goods, wares, and merchandise alleged to have been sold by them to the defendant, and procured an attachment to issue, by virtue of which the defendant's property was attached. Afterwards Robert Marks commenced an action against the same defendant, and attached the same property, and recovered judgment by default for eleven hundred and ninety-one dollars and ninety-three cents. The defendant filed an evasive answer under oath in the case of Coghill & Co., admitting the indebtedness charged in the complaint. Robert Marks assigned his judgment to John Gross. When the case of Coghill & Co. was called for trial the Court on motion of plaintiffs struck out the answer and ordered judgment for plaintiffs, when Gross moved the Court to set aside the order for judgment and for leave to intervene. The Court granted the motion, and Gross filed a petition of intervention, alleging that the attachment of Coghill & Co. was fraudulently levied with the design of injuring Samuel Marks' credit, and that it was procured upon a false affidavit, and that in truth the defendant did not owe Coghill & Co. but four hundred and twenty-five dollars when their suit was commenced. On the trial in the intervention case, Gross, to prove that he was a creditor of Samuel Marks, offered in evidence the judgment and judgment roll in the case of *Robert Marks* v. *Samuel Marks.* The plaintiff objected on the ground that as between the plaintiffs and intervenor the judgment was not competent evidence of indebtedness from Samuel to Robert Marks. The Court overruled the objection. The intervenor offered no other evidence of the indebtedness from Samuel Marks to Robert Marks.

The Court found as a fact that the plaintiffs had under attachment sufficient of Samuel Marks' property to pay their debt, and gave plaintiff judgment against him for nine hundred and eleven dollars and sixty-four cents, but also found that at the time plaintiffs commenced their action part of their demand, to wit: four hundred and sixty-five dollars and

eighty-five cents, was not due, because a credit of sixty days had been given for the goods, and the credit had not yet expired as to that amount, and for that reason adjudged that the intervenor was entitled to have his judgment first satisfied out of the goods attached.

On motion of plaintiffs, the Court granted a new trial, and assigned as a reason therefor that it had erred in admitting in evidence the judgment of Robert Marks against Samuel Marks.

The intervenor appealed from the order granting a new trial.

· *Tyler & Cobb,* for Appellant.

Section one hundred and ninety-six of the Civil Practice Act, as amended in 1863, requires the Court or Judge, in granting or refusing a new trial, to " state in writing the grounds upon which the same is granted or refused."

The unquestionable object of this amendment, as well as the several late amendments to section one hundred and ninety-five, Practice Act, is to compel the Courts below and suitors to specify fully the errors for which an appeal might be taken, and which, if taken, should be alone examined in the appellate Court. (25 Cal. 59, *Walls, Administrator* v. *Preston;* Ib. 478, *Hutton* v. *Reed et al.*)

In the case at bar the District Judge, desiring to conform to the requirements of section one hundred and ninety-six, states in writing his grounds for granting a new trial in the case. Taking this view, the appellant contends that the only question open for examination upon this appeal is, whether the Court erred in granting a new trial upon the grounds named.

No point was made as to the regularity of the judgment of *Robert Marks* v. *Samuel Marks,* but the objection went to the effect of the same as *prima facie* evidence. The intervenor never pretended that the plaintiffs might not attack the judgment in question upon any proper ground. The intervenor ought to prove his allegation that he was a judgment creditor.

In the case at bar the intervenor by virtue of his judgment claimed a lien upon the attached property prior to, and to the exclusion of the plaintiffs. Both were creditors seeking their rights. " When the contest is between creditors," says Mr. Justice Burnett, in *Dixey* v. *Pollock,* 8 Cal. 573, " all the equities are in favor of the most diligent. The subsequent execution or attachment creditor can claim no equitable relief. If the proceedings of the prior creditor are not void but voidable, the defendant can alone object. (9 Miss. 397 ; 21 Bailey, 214.)" In *Dixey* v. *Pollock* one creditor claimed that another creditor, who had attached before him, but whose proceedings were irregular in procuring the attachment, should be postponed to him on account of the irregularity. But the Court held otherwise, and used the language above quoted.

*J. B. Hall,* for Respondents.

It has been said by this Court in more than one case that a judgment which is right should not be disturbed, although based upon wrong reasons. The District Judge did not express an opinion upon more than one ground ; but his silence as to others does not declare or render them non-existent or unsound in fact or law. (*Oullahan* v. *Starbuck,* 21 Cal. 413.)

It was error to set aside plaintiff's attachment and lien for their entire demand, when there was the sum of four hundred and twenty-five dollars, part thereof, confessedly due at the time of commencing action. The complaint of intervention itself admitted so much to be legally due, and properly sued for. The only case that at all supports the principle of this part of the judgment is *Taaffe* v. *Josephson,* overruled on this point in *Patrick* v. *Montader,* 13 Cal., and *Gamble* v. *Voll,* 15 Cal.

By the Court, SHAFTER, J.

It was a matter of no consequence to the respondent whether the judgment against Marks, assigned to the intervenor, was fraudulent or not, inasmuch as the attachment lien of the

respondent was older than the lien of the intervenor; and for the same reason it was unnecessary to inquire how much was due upon the judgment.   The judgment was given in evidence simply for the purpose of showing that the relation of creditor and debtor existed between Samuel Marks and Robert Marks, and that Gross had succeeded to his rights by assignment. The proof of the judgment, coupled with the assignment of it, put Gross in a position to intervene in the action under the statutes; and as there was no allegation in the answer to the intervention, charging that the judgment had been got up merely for the purpose of masking an intervention in the suit of the plaintiffs against the common debtor, we consider the proof was decisive.   The Court, however, considered that it had erred in admitting it at all, and on that ground granted a new trial on the plaintiff's motion.

If there was nothing in the record upon which the order could be maintained, except the mistaken ground upon which the Court put it, we could not do otherwise than reverse the order and affirm the judgment.   But there are other grounds. The defendant in the suit not having answered, the plaintiffs had judgment against him for nine hundred and eleven dollars and sixty-four cents.   Under the issue taken on the intervention, the Court found, however, that as to four hundred and sixty-five dollars and eighty-five cents, parcel thereof, the action had been brought prematurely; but the Court has not found that the plaintiffs were guilty of any fraud in that particular, and the whole tendency of the evidence is the other way.   But the Court, instead of reducing the prior lien of the plaintiff to the amount which was due at the date of their attachment, postponed it altogether to the subsequent lien of the intervenor, directing the judgment of the latter to be first paid out of the proceeds of the property, which was erroneous. We consider also that the plaintiffs were entitled to a new trial on the ground of surprise.

The objection urged by the appellant that the order granting a new trial must stand, if at all, upon the ground on which the Court below put it, is not well taken.   The one hundred

and ninety-sixth section of the Practice Act provides that "the Court or Judge granting or refusing a new trial shall state in writing the grounds upon which the same is granted or refused;" and that is all that is said upon the matter. If it was intended to so limit the power of this Court in error that in reviewing the orders and judgments of District Courts it could do no more than review the reasons given for entering or rendering them, the Legislature has signally·failed to express the intention. A rule of that kind would be both anomalous and improvident. Anomalous, for it would put us upon reviewing judicial arguments rather than judicial action; and improvident, inasmuch as rights would not unfrequently be lost for no better reason than that they had been adjudged to be such upon wrong grounds.

It is urged that we have frequently decided that parties moving for new trials must be confined to the error assigned. But in that class of cases, if the specification does not include all the grounds of reversal embodied in the statement, the fault is that of the moving party. But where the Court properly grants a new trial, but for a false reason, or grants it without exhausting the argument in favor of it, neither the mistake in the one case nor the omission in the other lies at the door of the party—and thus the analogy relied on fails.

The order appealed from is affirmed.