## No. 3470.

### L. McCarthy v. G. Baze et al.  R. Lloyd, Third Opponent.

In this suit Lloyd has intervened and claimed the property seized. He had leased the office in which the movables were found to defendants. At the time of the lease some of the property seized was in the office. This property, belonging to Lloyd, was not subject to plaintiff's judgment, and the court a qua did not err in so deciding.

The balance of the property Lloyd claims under a bill of sale from the defendants, who, at the time of the sale, were in his debt for rent. The property, however, remained in the possession and under the control of the defendants. Lloyd alleges that it so remained with them as his agents. But there was no delivery, and this was essential. Therefore, on this point, the decision of the judge a quo against the intervenor is correct.

There was error, however, in condemning Lloyd to pay the costs. A portion of the property belonged to him. He injoined the sale thereof. Judgment having been rendered in his favor for a part of the claim, the costs should have followed the judgment.

APPEAL from the Fifth District Court, parish of Orleans. *Léaumont*, J. *Albert Voorhies*, for plaintiff and appellee. *James Brewer*, for intervenor and appellant.

Morgan, J. Plaintiff obtained judgment against the defendants. In execution thereof he seized certain movables found in their office. Lloyd intervened and claimed the property. He had leased the office in which the movables were found to defendants. At the time of the lease some of the property seized was in the office. It belonged to Lloyd. This property was not subject to the plaintiff's judgment, and the district court did not err in so deciding.

The balance of the property Lloyd claims under a bill of sale which he produces. At the time the sale was passed the defendants owed him only sixty dollars, and this for rent. The property remained in the possession and under the control of the defendants. Lloyd says it so remained with them as his agent, etc. But there was no delivery, and this was essential. The judgment of the district court upon this point was correct.

There was error, however, in condemning Lloyd to pay the costs. A portion of the property seized belonged to him. He injoined the sale thereof. Judgment was rendered in his favor for a part of his claim. The costs should have followed the judgment.

It is therefore ordered, adjudged and decreed that in so far as the judgment of the district court condemns the intervenor and third opponent to. pay the costs of the suit, it be avoided, annulled and reversed, and that in all other respects it be affirmed. Costs of appeal to be paid by plaintiff.