[Sac. No. 475.   Department ·Two.—March 24, 1899.]

·JENNIE McELDOWNEY, Respondent, v. JOHN .MADDEN, Respondent.   THE PEOPLE, Intervenor, Appellant.

ATTACHMENT SUIT—INTERVENTION BY SUBSEQUENT LIENHOLDER.—A subsequent attachment or execution creditor who has levied upon the same property attached in a prior action may intervene therein, and upon a proper showing, defeat the lien of the prior attachment.

ID.—SUFFICIENCY OF SHOWING.—When such an intervenor alleges facts showing that the plaintiff in the prior attachment suit has no cause of action against the defendant, and that the attachment therein is null and void, that the property attached is insufficient to pay the intervenor's claim, and that defendant has not sufficient property to pay both the intervenor and the plaintiff, it is error to deny the right of intervention.

APPEAL from a judgment of the Superior Court of Modoc County and from an order denying the right to intervene.  J. W. Harrington, Judge.

The facts are stated in the opinion.

William F. Fitzgerald, Attorney General, and John E. Raker, District Attorney, for Appellant.

Jenks & Claflin, for Jennie McEldowney, Respondent.

J. H. Stewart, for John Madden, Respondent.

GRAY. C.—This is an appeal by intervenor from a judgment in favor of plaintiff and from an order denying appellant the right to intervene.  The respondents have filed no brief.

The plaintiff brought suit for four hundred dollars, money had and received, and caused a writ of attachment to be issued and levied on the property of defendant; the defendant demurred, and while such demurrer was pending the appellant asked leave to file a complaint in intervention, in which it is alleged that appellant had begun an attachment suit against the defendant Madden on a bond given by him to the state of California, and subsequently to the levy of attachment herein, had attached the same property levied on by plaintiff in this case; facts are then stated showing that plaintiff has no cause of action

against the defendant, and that the writ of attachment herein is null and void; that the property attached is insufficient to pay intervenor's claim against the defendant, and that defendant has not sufficient property to pay both intervenor and plaintiff. The prayer of intervenor's complaint is, that it be adjudged that defendant is not indebted to plaintiff; that the attachment herein is null and void, and that intervenor has a prior and superior lien on the property attached, et cetera. The court denied the motion to intervene, the demurrer to the complaint was overruled, and, the defendant refusing to answer, the plaintiff had judgment.

"That under our code an attachment or execution creditor has a right to intervene, and, upon a proper showing, defeat the lien of a prior attaching creditor, we regard as too well settled to need further discussion." (Opinion of Searls, C., in *Kimball v. Richardson-Kimball Co.*, 111 Cal. 393; *Davis v. Eppinger*, 18 Cal. 378; 79 Am. Dec. 184; *Speyer v. Ihmels*, 21 Cal. 280; 81 Am. Dec. 157; *Coghill v. Marks*, 29 Cal. 673; *Coffey v. Greenfield*, 55 Cal. 382.) On the authorities cited it is clear that under the facts alleged in the complaint in intervention appellant was entitled to intervene.

I advise that the judgment be reversed and the cause remanded, with directions to the court below to permit the complaint in intervention to be filed.

Pringle, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to permit the complaint in intervention to be filed.

McFarland, J., Temple, J., Henshaw, J.