A. D. FLETCHER & SON, Appellant, v. CLARENCE GORDON et al., Appellees.

No. 42837.

MARCH 5, 1935.

Percival & Wilkinson, for appellant.

Charles D. Van Werden, for appellees.

ALBERT, J.—On March 21, 1933, after having served proper original notice, plaintiff filed a petition herein, in the ordinary form, asking judgment on a promissory note against the defendants. On May 5, 1933, the plaintiff filed a verified amendment to its petition, alleging one or more grounds of attachment. An order was made, bond was executed and filed, writ of attachment issued, and levy was made on certain real estate. On May 8, 1933, a motion was made to set aside the levy on certain grounds. On April 30,

1934, plaintiff filed a second amendment to its original petition. On the 22d day of May, 1934, the motion was submitted to quash the amendment to the petition and to dismiss the writ of attachment. On the 2d of August, 1934, the court ruled on this as follows: .

"Defendants' motion to dismiss attachment is sustained."

The question raised is whether or not, under sections 12078 and 12079 of the Code, the court was correct in this ruling. These sections are as follows:

"12078.   *   *   *   The plaintiff in a civil action may cause the property of the defendant not exempt from execution to be attached at the commencement or during the progress of the proceeding, by pursuing the course hereinafter prescribed.

"12079.   *   *   *   If it be subsequent to the commencement of the action, a separate petition must be filed, and in all cases the proceedings relative to the attachment are to be deemed independent of the ordinary proceedings and only auxiliary thereto."

In the first amendment filed to the petition plaintiff states that it "files the following as and for an amendment to its petition, and states that the defendants are about to dispose of their property with intent to defraud their creditors," and plaintiff asks that it have judgment on the original petition, and that writ of attachment issue, etc.

It was at this point in the proceedings that an order was made for the writ of attachment which was issued and levied as heretofore stated. After this was done, a motion was made by the defendants to "quash the amendment to the petition and dismiss the writ of attachment" on the ground that said attachment was issued without authority and was void and of no effect, under the provisions of the aforesaid sections of the Code. This gives rise to the only question raised in the case. A subsequent amendment to the original petition was filed by the plaintiff, but we think it has no bearing on the question under consideration.

A reference to the aforesaid section 12079 shows that, if the attachment proceedings are not covered by the original petition filed and attachment is sought after the commencement of the action, "a separate petition must be filed". This section of the Code, in terms, existed in the Code of 1851, section 1847; and was carried through the various Codes, appearing in the Revision of 1860 as section

3173, in the Code of 1873 as section 2950, and in the Code of 1897 as section 3877. In other words, this specific provision has been in the Code of this state since the admission of the state to the Union.

It is to be remembered that the jurisdiction to issue an attachment is special and limited, and the power to issue same rests wholly upon express statutory sanction, and such powers are strictly construed. In Tiffany v. Glover, 3 G. Greene, 387, loc. cit. 390, it is said:

"In proceedings in attachment the jurisdiction of the court is obtained by special authority, derived from the legislature, and hence the doctrine of presumption, as applicable to courts in the exercise of common law powers, cannot apply. In attachments, as we have said, it is the *levy* which confers jurisdiction, and if this appear defective it cannot be obviated by legal intendment, or covered by the favor usually extended to courts in the exercise of their ordinary jurisdiction. This first step, necessary to confer power upon the court to charge the land, must be correctly taken; or all subsequent proceedings under the attachment will be *coram non judice* and void."

That this is the general rule see 6 C. J., p. 89, section 123.

So far as we are able to determine, this exact question has not been before this court. It will be noted that the aforesaid section 12079 states that a separate petition must be filed. This was not done in this case. Some sidelights may be thrown on this question by our early holdings in Shapleigh v. Roop, 6 Iowa 524; Van Winkle v. Stevens, 9 Iowa 264; and Shaffer v. Sundwall, 33 Iowa 579.

It is urged that the word "must", in certain instances, may be construed as "may". Our attention is called to what is said in Union Trust & Sav. Bank v. Blair-Harper Seed Co., 200 Iowa 374, 202 N. W. 839. We do not think that what is there said has application to the situation before us. We think the term "must", as here used, cannot be construed to mean "may", as contended by the plaintiff.

It is to be remembered that attachment is usually a mere provisional remedy, ancillary to an action commenced at or before the time when the attachment is sued out. It is independent of the main action and a ruling thereon does not affect the main case. 6 C. J. p. 31, section 4, and the Iowa cases there cited.

664

The exact point here is not that there was a defect in the attachment proceedings which could be remedied by amendment, but that there was no foundation under the statute to support the attachment proceedings; in other words, that the court had no jurisdiction in the attachment proceedings because of the failure to comply with the requirements of section 12079 of the Code.

It is our conclusion that at the time this attachment was issued and the levy made the court had no jurisdiction to order the same, and the motion, therefore, of the defendants to discharge the property and release the levy was proper. This is the conclusion reached by the district court, and we agree with it.—Affirmed.

ANDERSON, C. J., and DONEGAN, RICHARDS, PARSONS, HAMILTON, MITCHELL, KINTZINGER, and POWERS, JJ., concur.