124

HIGHWAY EQUIPMENT COMPANY, INC., appellee, v. JACK STAFFORD, doing business as STAFFORD TRUCKING COMPANY, appellant.

No. 49554.

(Reported in 93 N.W.2d 129)

NOVEMBER 18, 1958.

Robert C. Nelson, of Cedar Rapids, for appellant.

Jordan, Jordan & Pence, of Cedar Rapids, for appellee.

LARSON, J.—Defendant herein filed an amended counterclaim alleging a wrongful attachment as contrary to section 639.2, Code of Iowa, 1954, in that it was issued after the action was commenced, but without the filing of a separate petition or amendment to petition. It is his contention that, therefore, the court was without jurisdiction to order or issue the writ. The trial court dismissed the counterclaim and defendant appeals.

The sole question before us is whether under sections 639.1 and 639.2 a separate petition or amendment to petition is required after an original notice has been served and the petition filed pursuant thereto states grounds for attachment on its face and in the prayer requests that a writ of attachment issue.

Defendant argues that under rule 48, R. C. P., plaintiff's action was commenced when the original notice was served on February 12, 1957, and that the petition was not filed until February 13, 1957. Therefore, he says since the request for and procurement of the attachment was *after* the commencement of the action, the attachment could only have been legally procured under section 639.2 by "a separate petition or an amendment to the petition" originally filed. We find no merit in the contention.

Section 639.1, Code, 1954, provides:

"The plaintiff in a civil action may cause the property of the defendant not exempt from execution to be attached *at the commencement* or during the progress of the proceeding, by pursuing the course hereinafter prescribed." (Emphasis supplied.)

Section 639.2 provides:

"If it be *subsequent to the commencement of the action*, a separate petition or an amendment to the petition must be filed, and in all cases the proceedings relative to the attachment are to be deemed independent of the ordinary proceedings and only auxiliary thereto." (Emphasis supplied.)

Defendant relies upon our holding in Fletcher & Son v. Gordon, 219 Iowa 661, 259 N.W. 204, where we held that the lower court lacked jurisdiction to issue an attachment under an amendment to the petition when the statute then required a separate petition.

It is his contention that the only way the court could obtain jurisdiction to issue a writ of attachment after the service of the notice in the case at bar was through the filing of the petition and then the subsequent filing of another petition or an amendment to the petition asking for the writ.

In view of the fact that plaintiff's petition, filed pursuant to the notice served, set forth grounds of attachment and in the prayer asked the writ of attachment, we feel that a con-

struction of sections 639.1 and 639.2 so as to require another petition or amendment exactly as the first would be an unreasonable and unrealistic construction of those provisions.

We prefer to conclude, as did the learned trial court, that the proper interpretation of "at the commencement" in section 639.1 and "commencement of the action" in section 639.2 need not be literally adopted, but that these attachment statutes do not refer to the serving of the notice alone, but to the serving of the notice and the filing of the petition referred to therein.

We are satisfied the legislature intended no such superfluous procedure as advocated by defendant, and for the purpose of these sections the action is commenced when the notice is served and the original petition is filed. Hagan v. Burch, 8 (Clarke) Iowa 309.

We conclude, therefore, that the court did have jurisdiction to issue the attachment, and that the dismissal of the counterclaim which was based upon that alleged wrongful attachment must be and it is affirmed.—Affirmed.

All Justices concur.