# IN THE COURT OF APPEALS OF IOWA

No. 16-2003
Filed January 24, 2018

**MARK E. FINKEN,**
     Plaintiff-Appellee,

**vs.**

**DOUGLAS J. WEST, an individual, and ESTATE OF DOUGLAS M. WEST,**
     Defendants-Appellees,

**and**

**DOMINA LAW GROUP PC LLO,**
     Intervenor-Appellant.
_____

Appeal from the Iowa District Court for Harrison County, Kathleen A. Kilnoski, Judge.

An intervenor challenges the denial of its petition to intervene filed pursuant to Iowa Code section 639.60 (2016). **REVERSED AND REMANDED.**

Christian T. Williams and Brian E. Jorde of Domina Law Group P.C. L.L.O., Omaha, Nebraska, for appellant.

Matthew G. Sease of Kemp & Sease, Des Moines, for appellee Estate of West.

Heard by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

This matter comes before the court on appeal from an interlocutory order denying Domina Law Group's petition to intervene in an auxiliary writ-of-attachment proceeding. The proceeding is at law, *see Markley v. Keeney*, 54 N.W. 251, 251 (Iowa 1893), this court's review is for the correction of legal error.

I.

The relevant circumstances are as follows. In March 2016, Mark Finken, a fifty percent owner of Western Marketing Associates Corporation, sued the estate of Douglas West. West was formerly Finken's business partner and fifty percent owner of Western Marketing. Finken asserted two claims against the estate: one claim for contribution on a joint promissory note Finken and West delivered during the course of operating Western Marketing; and one claim for conversion of property. As an auxiliary proceeding to his suit, Finken filed an application for prejudgment writ of attachment pursuant to Iowa Code chapter 639 (2016). In the application, Finken sought to garnish funds owed the estate as the result of a judgment entered in favor of West in a prior suit in which West sought judicial dissolution of Western Marketing. The district court granted Finken's application for prejudgment writ of attachment and ordered funds in the amount of $46,591.10 and future quarterly installments in the amount of $25,758.60 to be paid into the district court as security for the prejudgment writ of attachment.

After Finken filed his application for prejudgment writ of attachment, Domina Law Group filed its petition to intervene in the attachment proceeding pursuant to Iowa Code section 639.60. Domina represented West in the prior suit against Western Marketing. Domina claimed a priority interest in the attached judgment

proceeds by way of an attorney's fee lien filed pursuant to Iowa Code section 602.10116.

The petition for intervention came on for a scheduling hearing in September 2016. At the hearing, Domina Law Group introduced into evidence the affidavit of Brian Jorde in support of the petition to intervene. The affidavit was supported with attachments establishing the judgment in the prior proceeding, the notice of attorney's lien on the judgment, and notices of updates to the attorney's lien on the judgment. At the scheduled hearing, Finken and the estate resisted Domina's petition to intervene in the auxiliary attachment proceeding. Finken and the estate argued this was an inappropriate forum for relief and Domina was trying to "jump ahead" of other creditors of West's estate. The estate raised independent concerns regarding the lien because the estate had pending in federal court a malpractice claim against Domina relating to Domina's representation of West in the corporate dissolution proceeding. In that same suit, Domina asserted a counterclaim against the estate for unpaid attorney's fees. The district court dismissed the petition to intervene for the following reason:

> The court concludes that even if Domina's lien was perfected before the prejudgment garnishment ordered in this case, the amount of attorney fee[s] due to Domina in file CVCV029621 is in dispute. The court concludes that Domina has recourse to recover any fees it is owed either in the Arizona probate case or in the pending federal counterclaim.
> Moreover, this court has made no determination of the merits of the prejudgment garnishment or the claims of the parties in this file. It is possible that as litigation in this present case continues that the garnishment will be quashed.

Domina timely filed this appeal. The estate filed a responsive brief, defending the district court's denial of Domina's statutory petition for intervention. Finken has not filed any brief in this appeal.

II.

"Attachment is a non-final process for seizure of property of a debtor in advance of judgment so that the property will be available for satisfaction of such judgment as is eventually rendered. Thus, in a sense, it is an execution by anticipation." Marlin M. Volz, Jr., 3 Ia. Prac., Methods of Practice § 35:1 (2017). The attachment proceeding is auxiliary to and independent of the underlying suit. *See* Iowa Code § 639.2 ("[I]n all cases the proceedings relative to the attachment are to be deemed independent of the ordinary proceedings and only auxiliary thereto."); *A.D. Fletcher & Son v. Gordon*, 259 N.W. 204, 205 (Iowa 1935) ("[The attachment proceeding] is independent of the main action, and a ruling thereon does not affect the main case."); Volz, 3 Ia. Prac., Methods of Practice § 35.1 (stating attachment "is a remedial device, and not an independent action").

The attachment statute provides a mechanism for others to intervene in the attachment proceeding and assert a claim to the property at issue. Specifically, Iowa Code sections 639.60 and 639.61 "permit the intervention in attachment proceedings of a claimant to the attached property or money or an interest in or lien on it and provide for the investigation of such claim and for such order as may be necessary to protect the rights of claimant." *In re Lamm's Will*, 109 N.W.2d 708, 711 (Iowa 1961). Such an interest in attached property can include an attorney's lien because "[t]he effect of an attorney's lien is tantamount to an

assignment of interest in the judgment." *Grimes Sav. Bank v. McHarg*, 251 N.W. 51, 53 (Iowa 1933).

> An attorney has a lien for his services upon any money due his clients in an action prosecuted by him, and in which the judgment was recovered. Such lien, when perfected, operates as an equitable assignment of the interest in the judgment, and gives such attorney an interest thereon from the time it is perfected, by proper entry in the judgment docket in which the judgment is entered.

*Id.* A perfected charging attorney's lien is generally superior to a subsequent attachment. *See Myers v. McHugh*, 16 Iowa 335, 337–38 (Iowa 1864).

The estate contends the district court correctly dismissed intervenor's petition pursuant to Iowa Rule of Civil Procedure 1.407.[1] Rule 1.407 provides that "anyone shall be permitted to intervene in action" when the applicant has in interest in "the property or transaction which is the subject of the action and the application is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." The estate contends disposition over the judgment proceeds would not impair or impede Domina's interest because Domina has other fora in which to litigate its right to attorney's fees and other opportunities to collect its attorney's fees.

The estate's argument misses the mark in three respects. First, the estate does not explain how or why Domina's ability to pursue other litigation would protect its statutory right to satisfy its attorney fee lien from the attached property.

---

[1] We question whether the estate, rather than Finken, has standing to argue the matter on appeal. *See Thielen v. Schechinger*, 230 N.W. 516, 518 (Iowa 1930) (stating "*the contest between the attaching plaintiff and the intervenor* is a contest over the superiority of liens") (emphasis added); *Bradley v. Bailey*, 64 N.W. 758, 760 (Iowa 1895) (noting that the attachment proceeding stemming from a petition for intervention is one between the attaching plaintiff and the intervenor). Domina has not raised the issue. We thus address the merits of the parties' contentions.

Second, Rule 1.407 is inapplicable here. The rule applies only to motions to intervene in the main action. The main action is separate and distinct from the auxiliary attachment proceeding set forth in Code chapter 639. *See* Iowa Code § 639.2; *A.D. Fletcher & Son*, 259 N.W. at 205. The right of intervention at issue in this case is the statutory right to intervene in the auxiliary attachment proceeding as set forth in Code sections 639.60 and 639.61. Third, with respect to the statutory right at issue, the availability of other relief is immaterial. "The availability of some other, and adequate, remedy is not a bar to the right to intervene." 7 C.J.S. *Right of other claimants to intervene in attachment proceeding* § 419 (2015); *Moreland v. Monarch Min. & Mill Co.*, 178 P. 175, 177 (Mont. 1919).

The estate also contends the district court's order should be affirmed because the matter is moot. Specifically, the estate contends Finken and the estate have reached a settlement agreement and have filed a motion to dismiss the main suit. The argument is unavailing. Although Finken and West have sought dismissal of the main action, the district court has not yet granted the motion. The matter is still pending. More important, the suit between Finken and the estate is independent of the attachment proceeding. *See* Iowa Code § 639.2; *A.D. Fletcher & Son*, 259 N.W. at 205. Settlement of the main suit has no bearing on the disposition of the funds held by the court *in custodial legis*. "In every instance . . . the contest between the attaching plaintiff and the intervenor is a contest over superiority of liens." *See Thielen*, 230 N.W. at 518. Having taken custody of the funds, the district court must still determine to whom the funds must be disbursed.

The estate advances a second mootness argument. The estate contends the matter is moot because Domina's attorney's fee lien has been released

pursuant to Code sections 602.10117 and 602.10118, which provide for automatic release of the lien in the event the attorney fails to respond to a demand from the client for the production of certain documents evidencing the lien. We think this argument goes to the merits of the petition for intervention rather than mootness. We reject this argument. *See New Amsterdam Casualty Co. v. Bookhart*, 290 N.W. 61, 62 (Iowa 1940) (affirming denial of motion to dismiss petition for intervention filed by attorneys for lien where the claim was in dispute and not reduced to judgment).

Based on the foregoing, we conclude the district court erred in dismissing Domina's petition for intervention in the attachment proceeding filed pursuant to Code section 639.60. "The right of intervention is, unless otherwise provided by statute, merely a cumulative, and not an exclusive, remedy and does not preclude the claimant's recourse to other remedies." 7 C.J.S. § 419 (2015). *See also Commercial Credit Plan, Inc. v. Gomez*, 80 Cal. Rptr. 534, 536 (Cal. App. Dep't Super. Ct. 1969); *Alvarez v. Smith*, 417 S.W.2d 292, 295 (Tex. App. 1967). The matter must be reversed and remanded.

On remand, the district court must determine the validity and priority of the competing claims to the garnished property. *See Thielen*, 230 N.W. at 518 ("The provisions of the statute permitting intervention in an attachment suit, and providing that the intervenor may present his petition, 'disputing the validity of the attachment,' first became a part of our statutory law in the Revision of 1860."); *Bradley*, 64 N.W. at 760 (allowing the party refuting the petition for intervention to challenge the validity of the general assignment presented by the intervenor). "Whether the attachment be valid or invalid, the intervenor must first establish his

title to, lien on, or interest in, the attached property." *Thielen*, 230 N.W. at 518. Then, the intervenor must "assert the validity of a claim to the attached property." *Id.* "If the intervenor's claim in and to the property is senior and superior to the attachment, then the attachment is 'invalid' as against the intervenor's rights, even though every step in the proceedings in attachment was in exact accordance with the statute." *Id.* The relevant inquiry is the validity and priority of the parties' interests at the time of the attachment. It is axiomatic that the attaching party obtains only those rights the prejudgment debtor "had at the time the attachment was levied, no matter if these rights or obligations were not of record." *City Nat'l Bank of Marshalltown v. Crahan*, 112 N.W. 793, 796 (Iowa 1907).

We express no opinion on the validity of the parties' respective claims to the property at issue or the priority of such claims. This should be determined in the first instance in the district court.

III.

For the foregoing reasons, we vacate the order of the district court dismissing Domina's petition for intervention. We remand this matter with the instruction the district court grant the petition for intervention and continue with further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**