## WHIPPLE v. CASS.

Where a suit is commenced by attachment, and property levied upon, other creditors cannot, on their own motion, be made parties defendant, on the ground of collusion between the plaintiff and defendant, and permitted to show that the defendant is not indebted to the plaintiff; nor can they be allowed to show that the attachment was wrongfully sued out.

*Appeal from the Linn District Court.*

THURSDAY, APRIL 7.

WHIPPLE commenced suit against Cass, in the district court of Linn county for the sum of $10,269 71, and prayed

an attachment against his property, on the alleged ground that the defendant was "about to dispose of his property, without leaving sufficient remaining for the payment of his debts." Notice of the suit was served personally on the defendant, and a writ of attachment issued, under which his property was seized by the sheriff.

At the September term of the district court, no defense being made to the suit, by Cass, it was adjudged by the court that he was in default. At which time, came James F. Hervey & Co., Bailey, Brown & Co., and others, alleging to the court that they were creditors of the said Cass to a large amount; that they had caused writs of attachment to be issued, and levied on the goods of the defendant, Cass, being the same goods previously taken and seized by the sheriff at the suit of the plaintiff, Whipple. And the said creditors state and suggest to the court that the writ of attachment of said Whipple against the defendant, Cass, is prosecuted with collusion between said plaintiff and defendant, for the purpose of hindering, delaying, and defrauding them, the above named creditors, in the collection of their debts; that the greater part of the sum claimed by the said plaintiff was not, at the time of the commencement of said suit, and still is not due from said defendant to said plaintiff, Whipple; that said Cass is wholly insolvent, and all his property attached in said suit, except notes and accounts already transferred to said Whipple; and that, unless the property of said Cass so attached by said Whipple, is made liable to pay the claims of the said creditors, they are wholly without remedy for the collection of their debts. They therefore pray the court that they may be allowed to defend the suit against Cass, by an issue to be made upon the averments of their petition, as the court may direct; unless the plaintiff will consent to dismiss his said writ of attachment, and consent that the goods seized may be subject to the writs of attachment of said creditors.

The court, having heard the petition of the said creditors, overruled the motion, and refused the application made by them for leave to appear and defend the said suit, and to

contest the claims of the said Whipple against the said Cass, to which ruling of the court the said creditors except, and now appeal to this court.

*Isbell, Hubbard & Stephens*, for the appellants, in support of the right of creditors to come in and defend against the attachment, cited :   Drake on Attachments, secs. 770 to 777. *Buckman* v. *Buckman*, 4 N. H., 319 ; *Webster* v. *Harper*, 7 Ib., 594 ; *McClung* v. *Jackson*, 6 Grattan, 96 ; *Walker* v. *Roberts*, 4 Richardson, 561 ; *Brown* v. *Chaney*, 1 Georgia, 410 ; *Smith* v. *Gettinger*, 3 Ib., 140 ; Code, sec. 1684, 1700.

No appearance for the appellee.

STOCKTON, J.—The petitioners, claiming to be the creditors of Cass, could not be permitted to defend the suit for him, and show that he was not indebted to the plaintiff, Whipple, in the amount claimed, or any other sum.   Cass was duly served with notice of the action, and if he did not make defense, no one else could defend for him.   Nor could the creditors be permitted to show that the attachment was wrongfully sued out, and ought to be quashed.   Such defense lay only with the defendant, Cass, and he did not see proper to make any such defense, if any such existed.

Nor should the petitioner have been allowed to take issue on the facts alleged in the plaintiff's petition for attachment.   It has been held by this court that no such issue can be made, even by the defendant in the principal suit. *Sackett, Belcher & Co.* v. *Partridge & Cook*, 4 Iowa, 416. Much less can such issue be made by an entire stranger to the suit.

The particular object of the creditors, in their petition to the court, was to be allowed to show that the suit is prosecuted by collusion between the plaintiff, Whipple, and the defendant, Cass, for the purpose of hindering, delaying, and defrauding the creditors of said Cass ; in order that by such showing, they may be enabled to postpone the lien

of the plaintiffs upon the goods attached, and that their own lien may be declared prior thereto.

We think the petitioners have chosen the wrong jurisdiction for the assertion of their rights.    We see no method in which the relief sought can be awarded in a court of law, even taking all the facts alleged to be brought to its knowledge.    Fraud, it is true, vitiates all contracts, even so solemn a proceeding as a judgment of a court of record. But the relief sought by the petitioners, in this instance, is such only as can be administered in a court of equity, where frauds, such as are alleged in the present case, are peculiarly cognizable.

Judgment affirmed.