MARKLEY, ALLING & COMPANY, Appellee, v. L. V. KEENEY et al., Appellees; B. R. BEGUN, Intervenor, Appellant.

1. Attachment: INTERVENTION: TRANSFER TO EQUITY. Where in an attachment proceeding the plaintiff had judgment against the defendants, but an intervenor claimed the property, and the plaintiff, answering the petition of intervention, alleged that the transfer of the property to the intervenor was made for the purpose of defrauding the defendants' creditors, and prayed "judgment against the intervenor subjecting said property to the payment of their judgment, held, that the action being in its nature one at law, it was not changed to an equitable one by such prayer, since no prayer was necessary, and the same judgment must have been rendered had the prayer been omitted.

2. ———: RIGHT OF INTERVENOR TO QUESTION. An intervenor who claims attached property by virtue of a sale to him prior to the attachment, must recover, if at all, upon the strength of his own title, and, where that fails him, he can not fall back upon the alleged invalidity of the attachment.

Appeal from Pocahontas District Court.—HON. GEORGE H. CARR, Judge.

MONDAY, JANUARY 30, 1893.

THE plaintiff brought suit against the defendants L. V. Keeney *et al.* on account, and aided the same by attachment, by virtue of which it seized a quantity of personal property and real estate. Such proceedings were had that on the sixth day of January, 1891, a default and judgment were entered for the plaintiff against the defendants for two hundred and seventy-three dollars and seventy-six cents and costs. On the same day the intervenor filed his petition claiming ownership of the personal property attached by virtue of a sale thereof to him by defendant L. V. Keeney before the issuance of the attachment. The intervention was adverse to the plaintiff's claim. The plaintiff answered the intervention petition, averring that the pretended sale by Keeney to the intervenor was void as to creditors, because fraudulent. The issues were tried without the aid of a jury, and there was a finding for the plaintiff, and judgment dismissing the intervenor's petition. The intervenor appealed.—*Affirmed*.

*Soper, Allen & Morling*, for appellant.

*Frank Farrell*, for appellee.

GRANGER, J.—I. We should first settle the question as to the form of the proceeding,—that is, whether it is triable here as a law or an equitable action. Byron J. Allen, Esq., now deceased, was the attorney for the intervenor in the trial below, and presented the original argument on this appeal. The present attorneys for the appellant came into the case only in time to file a reply to the appellee's argument. The case was appealed, and is presented in the original argument on an assignment of errors. The claim that this is an equitable form of proceeding is presented by the reply, in answer to statements in the appellee's argument that it is a law

<span style="font-variant:small-caps">1. ATTACHMENT: intervention: transfer to equity.</span>

action. The ground of the appellant's insistence is that the answer to the intervention petition closes with the words: "Therefore plaintiff asks judgment against said intervenor subjecting said attached property to the payment of their judgment." The facts upon which the prayer is based are only such as show a fraudulent transfer of the property. Without the prayer the proceeding would be at law without question. Is there anything in the prayer to, of itself, change the form of the action? Another query may aid us. The district court found the facts for the plaintiff. Now, if there had been no prayer to the answer, and none was necessary, what judgment, upon the same findings, should have been entered? It would have been, in its legal effect, the same as that asked. The prayer merely invoked what the law would have directed without it; for without the prayer the intervenor's petition would have been denied, and the attachment sustained. The appellant seems to think the cause was tried below as an equitable action, but we think not. It seems to us that the thought of its being such an action was first presented after the appeal. The issues are those within the scope and purpose of ordinary actions, and, although the action was commenced as one at law, no steps whatever were taken to change the forum, and we think the prayer of the answer had no such effect.

II. The court's finding of facts is general, as "on the issues joined in the intervention proceedings the court finds for the plaintiff." The appellant, in argument, says that the only question at issue is as to the fraudulent transfer of the personal property, and we think the statement correct. If Keeney disposed of the property with such an intent, and the intervenor took it with knowledge of such intent, or to aid him in so doing, he can not recover. We think, with our holding that this case is triable here as a law action,

the present counsel for the appellant might not contend that we should disturb the finding of the court below. As an equitable issue we might find the evidence insufficient to show fraud; but it is certainly conflicting on all the facts essential to such a finding, and to such an extent that under our repeated holdings we should not interfere. The arguments in the case are a frank concession of a conflict of evidence, and deal largely with its weight, as if we were to consider the case anew, as we were expected to do under the claim that it was an equitable action. No partial citation of the evidence would be fair in support of our conclusion, and all of it can not be reproduced. We content ourselves with the statement that the fact of fraud, as found by the court below, must be conclusive in the case.

III. It is said: "The plaintiffs have not shown that they had an attachment good against the intervenor." It seems to us the proposition is not involved in this trial. The intervenor's right to the property does not depend

2. ——: right of intervenor to question.

upon the character of the attachment,—that is, whether valid or invalid. He comes asking for the property as his because of his purchase before the attachment. An invalid attachment would give him no right to the property. He has no rights in the property unless he is the owner, and it is determined that he is not.

Several questions are discussed, but there are none of them that can affect the validity of the judgment upon the facts as found, or, as we assume them to have been found, in its support.   AFFIRMED.