MEYER, BANNERMAN & COMPANY V. WILLIAM G. KEEFER ET AL.

FILED MARCH 8, 1899.   No. 8768.

**Attachment of Mortgaged Chattels: VALIDITY: PARTIES.** A mortgagee of chattels upon which an order of attachment has been levied cannot question the existence of the grounds for the issuance of the writ. To the attachment debtor alone belongs that right.

ERROR from the district court of Cass county. Tried below before RAMSEY, J. *Reversed.*

*John P. Maule,* for plaintiffs in error.

*A. N. Sullivan,* contra.

NORVAL, J.

Meyer, Bannerman & Co. commenced an action in the county court of Cass county, aided by attachment, to recover from William G. Keefer the sum of $817.83 for goods alleged to have been sold and delivered. The affi-

davit for attachment sets forth several of the statutory grounds for the issuance of the writ, a proper bond was filed by the plaintiffs, an order of attachment was issued, and property of the defendant was seized thereunder. Subsequently he filed a motion to dissolve the attachment for the reason the allegations contained in the affidavit for attachment are untrue, and because said affidavit is defective and deficient, in that it omitted to state any specific act upon which the charges are based. This motion was heard and overruled by the court. Subsequently the First National Bank of Plattsmouth and Nancy J. Keefer were permitted to intervene in the cause and, as mortgagees in possession of the property when the writ was levied, they moved to dissolve the attachment for the reason that the averments in the affidavit upon which the attachment was sued were untrue. This motion was sustained by the county court, the attachment dissolved, and the attached property was ordered to be restored to the bank and Nancy J. Keefer. The plaintiffs prosecuted a petition in error to the district court, where the action of the county court was affirmed, and by appropriate proceeding they bring the record here for review.

It is argued that the county court erred in allowing the bank and Nancy J. Keefer to intervene. In our view it is unnecessary to consider this question or venture an opinion thereon. It is obvious that they had no right to move for a dissolution of the attachment, and the sustaining of their motion was clearly erroneous. (*Rudolf v. McDonald*, 6 Neb. 163; *Decre v. Eagle Mfg. Co.*, 49 Neb. 385; *Ward v. Howard*, 12 O. St. 158; *First Nat. Bank of Madison v. Greenwood*, 79 Wis. 269; 1 Shinn, Attachment & Garnishment sec. 350.) The debtor alone had the right to assail the attachment on the ground that the affidavit on which the writ issued was untrue. The interveners might have replevied the property or sued for the conversion thereof, but they cannot be heard to question the existence of plaintiffs' alleged grounds for attach-

ment. The judgment of the district court affirming the order of the county court dissolving the attachment is reversed and the attachment is reinstated.

REVERSED.