AUGUST WAGNER v. THEODORE WOLF ET AL.

FILED FEBRUARY 22, 1906. No. 14,115.

Attachment: DISSOLUTION. The subsequent purchaser of lands on
which an order of attachment has been levied cannot question
the existence of the grounds for the issuance of the writ; to the
attachment debtor alone belongs that right. *Meyer, Bannerman
& Co. v. Keefer*, 58 Neb. 220, followed and approved.

ERROR to the district court for Platte county: CONRAD
HOLLENBECK, JUDGE. *Affirmed.*

*A. M. Post* and *August Wagner,* for plaintiff in error.

*R. W. Hobart, contra.*

OLDHAM, C.

This is a contest between an attaching creditor and a
subsequent purchaser of the real estate on which the at-
tachment had been levied. The facts underlying the con-
troversy are that on the 7th day of November, 1903, the
attaching creditor, Theodore Wolf, began an action
against Martin Luchsinger in the district court for Platte
county, Nebraska, by filing his petition and asking for a
judgment against the defendant on certain notes and ac-
counts. In aid of said cause of action the plaintiff below
caused an order of attachment to be issued against defend-
ant Luchsinger on the ground "that defendant has ab-
sconded with intent to defraud his creditors, has left the
county of his residence to avoid the service of summons
upon him, and so conceals himself that a summons cannot
be served upon him, and that defendant fraudulently con-
tracted the debt and incurred the obligation for which suit
is brought." On the 12th day of November the order of
attachment was levied on the interest of the defendant,
subject to certain liens, in the undivided one-fourth part
of 480 acres of land in Platte county. The summons was
returned "not found." Thereafter, on the 23d and 24th

days of November following, the intervener, August Wagner, as attorney for other creditors, began two other suits against the defendant, and procured orders of attachment on affidavits charging practically the same causes as those contained in the affidavit of plaintiff Wolf. These latter affidavits were verified by the intervener, and each of the subsequent attachments were levied on the defendant's interest in the 480 acres of land above mentioned.

On the 7th day of January, 1904, the intervener, having ascertained that defendant Luchsinger was working at the carpenter's trade in Wayne county, Nebraska, arranged for a meeting with him at Norfolk, Nebraska, and there entered into an agreement with the defendant for the purchase of his interest in the Platte county land. The evidence shows that the intervener paid the defendant $200 in money and agreed to assume and pay certain judgments and liens against the land, as well as some other claims that had not been reduced to judgment. In conformity with this agreement Luchsinger executed and delivered a warranty deed to the intervener for his undivided one-fourth interest in the land. This deed contained the following covenant: "That I am lawfully seized of said interest, that they are free from incumbrance, except judgments and attachments." It is claimed by the intervener that at this interview at Norfolk defendant agreed that he would not enter any appearance in the attachment suit of the plaintiff Wolf, and that he authorized the intervener to appear as his attorney in said cause, and agreed to aid the intervener in defeating Wolf's claim by filing a counterclaim, which would at least reduce the claim of plaintiff to a sum not to exceed $80. Shortly after the execution of the deed plaintiff Wolf discovered the whereabouts of defendant Luchsinger and went, with his attorney, to have an interview with him. The result of this meeting was that defendant signed and verified an answer in which he admitted plaintiff's cause of action and directed plaintiff to file the same for him. After this answer was filed the intervener and his cocounsel, Judge Post,

procured an affidavit from defendant, in which he claimed that he did not understand what he was doing when he filed the answer, and on this showing the court permitted the counsel to withdraw defendant's answer. Thereupon they filed for defendant a motion to dissolve the attachment on the ground, among numerous others, that the statements contained in the affidavit were severally untrue. After the filing of this motion the cause was continued for the purpose of filing counter-affidavits, and plaintiff procured an affidavit from the defendant admitting the causes of the attachment, and denying that he had ever authorized the intervener and Judge Post to appear for him as counsel in the case.

These attorneys thereupon asked leave of the court to withdraw their further appearance for the defendant in the case. Then August Wagner filed an intervening petition, alleging that he was the owner of the premises on which the attachment was levied, and on this intervening petition moved to dissolve the attachment, for the reason that the statements contained in the affidavit of attachment were severally untrue, and for other reasons not necessary to enumerate. The court below permitted the intervention, and intervener's motion to dissolve the attachment was determined, by agreement, on affidavits and counter-affidavits, as well as oral testimony taken before the court. On the hearing of the motion, the attachment was sustained and the defendant's interest in the premises was ordered to be sold for the satisfaction of the plaintiff's lien. To reverse this judgment the intervener brings error to this court.

It is contended in the brief of the intervener that the evidence is not sufficient to sustain the finding of the trial court, viz., that defendant Luchsinger had absconded from his usual place of abode with intent to defeat his creditors at the time the attachment was levied. With reference to this contention, we would say, after an examination of the testimony in the record, that we think the evidence is sufficient to sustain this finding. But,

even if it were not, the intervener would not be in position to avail himself of this defect in the testimony. In *Meyer, Bannerman & Co. v. Keefer,* 58 Neb. 220, certain mortgagees of chattels levied upon in an attachment proceeding were permitted by the court below to intervene and deny the allegations of the affidavit for attachment. In disposing of the question, NORVAL, J., said:

"It is argued that the county court erred in allowing the bank and Nancy J. Keefer to intervene. In our view it is unnecessary to consider this question or venture an opinion thereon. It is obvious that they had no right to move for a dissolution of the attachment, and the sustaining of their motion was clearly erroneous. *Rudolf v. McDonald,* 6 Neb. 163; *Deere v. Eagle Mfg. Co.,* 49 Neb. 385; *Ward v. Howard,* 12 Ohio St. 158; *First Nat. Bank of Madison v. Greenwood,* 79 Wis. 269; 1 Shinn, Attachment and Garnishment, sec. 350. The debtor alone had the right to assail the attachment on the ground that the affidavit on which the writ issued was untrue."

The entire proceeding is valid on its face, and we think that the intervener's personal, as well as constructive, notice of the attachment proceeding and the recitals in his deed should forever close his mouth from complaining of any technical irregularities in the record. We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.