FRANCES PETERS, JOHN SNAVELY, H. K. SNAVELY, WIL
    LIAM SNAVELY, ELIZABETH EBERLY, ANNA KEPFORD,
    LIZZIE MILLS and IOWA BOOTEN, Appellees, v. LAURA
    B. SNAVELY–ASHTON, Appellant.

**Attachment:** COUNTERCLAIM: AMENDMENT ON RETRIAL: CHANGE OF
    ISSUE. Where an attachment was dissolved on the ground that
    the fund garnished belonged to defendant as executrix and not
    individually, and on a counterclaim for damages the court on appeal
    held that defendant was not damaged, for the reason that the
    attachment did not prevent payment to her as executrix, an amendment to the counterclaim on retrial, alleging that plaintiff knew
    when the fund would be paid to the garnishee and that he would
    retain the same until the garnishment was disposed of; that while
    the fund technically belonged to defendant in her representative
    capacity plaintiff knew that she had an individual interest therein,
    and that she could not make distribution until the garnishee was

discharged; and that the garnishment was made to injure and deprive her of her interest therein, did not change the issue tendered originally so as to avoid the effect of the prior decision, as it pleaded no facts as the basis of liability not appearing in the former record.

**Same:** DISSOLUTION OF ATTACHMENT: ATTORNEY'S FEES. Attorney's fees 2 are not allowable for procuring the discharge of an attachment, where no property was wrongfully levied upon.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

FRIDAY, FEBRUARY 12, 1912.

IN an attachment suit, the defendant filed a counterclaim on the bond for damages for wrongful suing out of the attachment. Plaintiffs demurred to the counterclaim on various grounds; the substance of the same being that it did not appear from the counterclaim that the defendant had suffered any damages. The demurrer was sustained. The defendant elected to stand upon her pleading, and has appealed.—*Affirmed.*

*Milton Remley,* and *Ranck & Bradley,* for appellant.

*Wade, Dutcher & Davis,* for appellees.

EVANS, J.—This case has been before us on a former appeal. 144 Iowa, 147. Reference may be had to our opinion on the former appeal for many of the details.

The plaintiffs sued out a writ of attachment against the defendant, and caused the same to be served by garnishment of Remley & Remley, her attorneys. The garnishees had in their hands a certain fund of $7,900 which belonged to the defendant as executrix or trustee of the estate of her deceased husband, M. F. Snavely. Upon motion in the district court, and upon a showing of the

1. ATTACHMENT: counterclaim: amendment on retrial: change of issue.

trust character of the fund, the attachment was discharged and the garnishee released. The attachment plaintiffs thereupon dismissed their action. Trial was had upon the counterclaim, and a verdict and judgment rendered for the defendant. From such judgment an appeal was prosecuted to this court as above indicated. The judgment appealed from was reversed and the case remanded. Upon remand of the case, the defendant filed the following amendment to her counterclaim:

That the plaintiffs knew the time when $7,900, the proceeds of a tract of land belonging to the estate of M. F. Snavely, deceased, would be paid to Milton Remley, attorney for the said defendant; that the plaintiffs well knew that $1,000 of said fund would be turned over to the said defendant in her individual right, and that one-half of the balance equitably belonged to the said defendant individually, and, had the same been turned over by the said attorney to the said defendant, she would have been entitled to receive therefrom her interest in said fund amounting to between $4,500 and $5,000, and, for the purpose of depriving the said defendant individually of the use of said money, the said plaintiffs maliciously directed the said Milton Remley to be garnished, well knowing that the said garnishee could not in the face of said garnishment pay over the said fund to the said defendant, and well knowing that the said garnishment served upon the said garnishee would necessarily retain the said fund in the hands of the garnishee until the garnishment was disposed of; that, while the fund thus garnished may technically have belonged to the said defendant as trustee or executrix, yet the plaintiffs well knew that she had an individual interest therein, and that she could not make distribution to herself or others until the said garnishee was released from the said garnishment, and, for the purpose of injuring the said defendant, the said plaintiffs caused the said fund to be garnished in the hands of the said garnishee to deprive her, and they did deprive her, of the use and enjoyment of her interest therein, to the great damage of the said defendant in the sum of, to wit, $300.

This amendment presents the only change in the pleadings after the reversal and remand of the case. The demurrer was based in the main upon our former opinion. It is the contention of appellant that this amendment so changes the issues tendered that it is not necessarily controlled by such former opinion. Examination of such opinion satisfies us that its conclusive effect is not avoided by the amendment to the counterclaim. Whatever allegations are contained in such amendment additional to the pleadings as they appeared before us on the former appeal, they are more in the nature of legal conclusion than a statement of new facts. We find no essential fact pleaded as a basis of liability which did not appear in the former record. In the former opinion we said:

The motion to discharge it (the attachment) was sustained on the theory that defendant was holding the property attached by garnishment either as executrix or trustee, and that plaintiffs were not entitled to any aliquot or part thereof until an accounting in the court of probate or otherwise. Defendant was not claiming the money attached as her own, nor could she under this record, for it was not hers. She was entitled to it in a representative capacity as trustee or executrix, and upon that theory she secured the release of the garnishment. She does not now claim that in her individual capacity she was entitled to this fund. She and her attorneys frankly admit that save as to $1,000 plaintiffs had as much right to the proceeds as she did, and it must have been on this theory that the garnishment was discharged. . . . We don't think that the garnishment of the attorney as debtor of defendant in her individual capacity prevented this attorney from paying over the money to the defendant in her representative capacity as trustee or executrix. He, in fact, owed her no more individually than he owed the plaintiffs. He was holding the money for the defendant purely in her representative capacity, and she could not in her own right recover the money from him. . . . The garnishee, Remley, made no answers to the notice of garnishment and we don't think that under the garnishment he was obliged

to hold any funds which belonged to, or was responsible for any debt owing to defendant as executrix or trustee. She was no more entitled thereto in her individual capacity than were the plaintiffs, who had practically the same interest in the funds that she did. . . .

The appellant presses the claim now that she is entitled to recover attorney's fees for obtaining the discharge of the *writ* of attachment as distinguished from the discharge of the *levy* of the writ. The argument is that, even though she were not damaged by the seizure of any of her property under the writ, she was nevertheless damaged by the wrongful issuance of the writ in the first instance, and that she is entitled to recover her attorney's fees for obtaining a dissolution of the same. No damages for wrongful issuance of a writ have ever been allowed in this state in the absence of a levy. Neither is there any provision of the statute whereby a writ of attachment can be quashed or dissolved pending the action, provided the statutory requirements are complied with in obtaining the same. In the absence of defect in the proceedings or bond, a motion to discharge the writ will not lie. The alleged grounds of an attachment can not be controverted by evidence for the purpose of quashing the writ. They can be traversed in the main action only by a counterclaim on the bond. *Sturman v. Stone,* 31 Iowa, 115. If an excessive levy be made or if exempt property be attached, the defendant may move for a discharge of the attachment as to such property. If the property of a third party be wrongfully attached, such party may also appear and move for a discharge or release. It is only in some such sense that the defendant can move to dissolve or discharge an attachment. A writ of attachment is not, like a writ of temporary injunction, subject to dissolution pending the action upon mere preliminary investigation of the facts. Code, sections 3929–3933. The former opinion is quite conclusive that

2. SAME: dissolution of attachment: attorney's fees.

the garnishment of Remley & Remley was not effective to interfere with the proper disposition of the trust fund. Whether the plaintiff could maintain an action for malicious prosecution independent of the bond we need not determine. It is certain that she could not set it up by way of counterclaim in the main action. We think that the amendment to the counterclaim upon which the appellant relies clearly runs counter to our former opinion and that it does not essentially change the cause of action.

We think the ruling of the trial court was in accord with our holding, and it must therefore be affirmed.

Appellant's motion to strike amended abstract of appellee must be overruled. Such amendment, however, does include considerable unnecessary matter. Only one-half the cost thereof will be taxed in favor of appellee.— *Affirmed.*