SECURITY SAVINGS BANK, Appellee, v. WILLMER CHARLES CIMP-
RICH, Appellee; J. A. HARTMAN, Appellant.

**ATTACHMENT:** Grounds—Allegation of Nonresidence Not Travers-
able. In an attachment *in rem*, issued on the ground that the de-
fendant is a nonresident, and served by publication, the defendant
is not entitled to make an issue on the question of his residence—
unless he counterclaims on the bond.

Headnote 1:  6 C. J. p. 425.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

APRIL 7, 1925.

ACTION at law upon a promissory note, against two defend-
ants. A writ of attachment was sued out as against one of them.
Nonresidence in the state was charged as a ground for the at-
tachment. No service was had upon the attachment defendant,
except by publication. Before trial, he entered a special ap-
pearance by his attorney, to object to the jurisdiction of the
court. His objection was overruled, and a judgment *in rem* en-
tered against the attached property. The attachment defendant,
J. A. Hartman, has appealed from the order overruling his
objection to jurisdiction.—*Affirmed.*

*Charles W. Bingham*, for appellant.

*M. W. O'Rieley*, for appellee.

EVANS, J.—The promissory note in suit was signed by both
defendants. Personal service was had upon the one defendant,
but none such could be had upon Hartman, because of his ab-
sence from the state in California. The writ of attachment is-

sued against him was served by garnishment of his debtors. The garnishees make no controversy. The plaintiff sought a judgment only *in rem* against the attached property of the defendant Hartman. It neither took nor sought personal judgment against Hartman. Hartman entered a special appearance by his attorney, to object to the jurisdiction of the court. The purported ground of such objection was that Hartman was an actual resident of the state of Iowa, though absent in the state of California for the past year or so. The contention is that, inasmuch as he is resident in the state of Iowa, no judgment can be entered against him except after personal service of original notice, and that a notice by publication cannot be effective to confer jurisdiction upon the court over an actual resident of the state. This ground of attack upon the jurisdiction of the court is an attempt to traverse those averments of the petition which constitute the grounds of attachment. It has been our universal holding for more than fifty years that such grounds are not subject to traverse, except in an action upon the attachment bond. This is the attachment defendant's sole remedy for wrongful issuing of an attachment. He may avail himself of it by an action on the bond, and such action may be set up as a counterclaim in the attachment suit, or it may be prosecuted independently of the attachment suit.

It is clearly true, as argued by appellant, that personal jurisdiction of this defendant cannot be acquired by a publication of notice, and that, therefore, no *personal* judgment could be entered against him. This, however, does not affect the question of jurisdiction *in rem*, or the right to a judgment *in rem* against the attached property. Jurisdiction of the subject-matter of attached property is not dependent upon personal notice to the defendant. It is acquired by actual seizure under the writ, within the territorial limit of the court's jurisdiction. Jurisdiction to enter final judgment *in rem* against attached property may be acquired by a publication of notice in accord with statutory provisions. Such proceedings are effective for the purpose of a judgment *in rem* against the attached property of a defendant; and the grounds of attachment averred in the petition will be deemed therein incontestably true.

For the purpose of the question before us, therefore, it is

not controlling whether this defendant is in fact a resident of this state, temporarily absent, or is a nonresident,—that question not being issuable in the attachment suit. In suing out a writ of attachment, the plaintiff is required to give adequate bond. He is required to proceed at his own peril. His averments as grounds of attachment are likewise taken as true, at his own peril. Such averments may be controverted in an action on the bond, and not otherwise. Such action is defendant's sole remedy.

We hold, therefore, that the defendant was not entitled to make an issue in the attachment suit, by special appearance or otherwise, upon the question of residence or nonresidence of the attachment defendant. The brief of the defendant indicates that he is prosecuting an action on the bond. This gives him a sufficient remedy, and such was the intent of the statute.

The order of the trial court denying the defendant's motion to dissolve the attachment is, accordingly,—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.