AMELIA M. SHIERRY, Appellee, v. A. F. RANDALL et al., Appellees; JOHN D. RANDALL, Intervener, Appellant.

No. 40575.

JUNE 24, 1932.

L. R. Layton and E. H. Estey, for plaintiff-appellee, A.M. Shierry.

R. S. Milner, for intervener-appellant, John D. Randall.

Hancock & Crawford, for Randalia Savings Bank, garnishee-appellee.

J. C. Robinson, for A. W. Stubbs, executor.

STEVENS, J.—Pending an action in the district court of Fayette county in favor of plaintiff-appellee against A. F. Randall, the defendant died. A. W. Stubbs, appointed executor of his estate, was substituted as defendant, and on January 18, 1928, judgment was entered against him as such executor in the sum of $1608.44. Execution was issued upon said judgment and the Randalia Savings Bank garnished as a supposed debtor of the estate. The appellant John D. Randall intervened in the garnishment proceeding, setting up an assignment to him of all of the funds in the bank belonging to A. F. Randall, whether credited to him or his former guardian. The funds in the bank were credited to one W. P. Llewelyn, former guardian of A. F. Randall, but who had been discharged during the lifetime of his ward. Following the assignment, Llewelyn gave intervener a check for $314.15, and also endorsed and delivered to him a time certificate of deposit for $714.00. These instruments were presented to the bank for payment and payment declined. Appellant set up the assignment and these instruments in his petition of intervention and asked that the funds in the bank be turned over to him. A jury was waived and the issues joined between appellee and the intervener-appellant tried to the court, resulting in a finding and judgment in favor of appellee for the fund in controversy and dismissing the petition of intervention. The answer of appellee to the petition of intervention alleged that the claimed assignments were made without consideration and in fraud of the creditors of A. F. Randall. The court found that the instruments were executed without consideration, and, in legal effect at least, that they were also fraudulent. We shall not review or pass upon the evidence. The finding of the court on disputed questions is tantamount to the verdict of a jury.

Reversal is also sought by appellant upon the ground that the court erroneously excluded certain material testimony offered by him. Intervener sought to testify to certain conversations and transactions with his deceased assignor. Objections were interposed to this testimony under the provisions of Section 11257 of the Code, and sustained. The testimony offered by ap-

pellant was, we think, material and relevant to the issues being tried. It bore directly upon both the subject of consideration and the good faith of the alleged assignment and the execution of the check and time certificate of deposit. It will be observed that the action was originally instituted against A. F. Randall, but that it was prosecuted to judgment against his executor. The executor appeared in this action and filed answer disclaiming the funds in controversy and alleging that no funds belonging to his decedent's estate were on deposit in the Randalia Savings Bank. The cause of action of appellee had long since been fully and finally adjudicated against the executor, and the estate upon the record before us has no further interest whatever in the controversy. So far as appears, there was neither issue nor controversy in any way involving the executor or any other claimant to the funds than as previously stated. The controversy is solely between the plaintiff-appellee, a judgment creditor, and the appellant-intervener.

The answers of the garnishee are not controverted. This proceeding is, therefore, not against an executor or administrator or any of the classes designated in the statute.

The executor was an indifferent party to the suit and, as stated, asserted no right or claim to or in the subject matter of the garnishment. Section 11257, therefore, has no application to this case, and the objections to the testimony offered should have been overruled. The case at this point is ruled by City National Bank v. Crahan, 135 Iowa, 230, and cases therein cited. It follows that the judgment must be and is reversed.—Reversed.

EVANS, DE GRAFF, ALBERT, KINDIG, and GRIMM, JJ., concur.