HUBBARD MILLING COMPANY, Plaintiff, Appellee, v. GLEN
KEMPF et al., Defendants; LLOYD KEMPF, Intervenor,
Appellant.

No. 45726.

JANUARY 20, 1942.

X. C. Nady and Ralph H. Munro, for appellant.

Kenneth W. Nelson, for appellee.

OLIVER, J.—On August 31, 1940, Hubbard Milling Company instituted action at law on account against Glen Kempf

and wife, which suit was aided by an attachment against certain turkeys then kept upon a farm owned by Kempf's mother and operated by his father and his brother, Lloyd Kempf. On October 23d, judgment was rendered in favor of plaintiff against the principal defendants. Thereafter, Lloyd Kempf intervened claiming ownership of the attached turkeys (and the proceeds of the sale of the same). Plaintiff's answer denied this claim. Upon trial to the court the petition of intervention was ordered dismissed. Intervenor, Lloyd Kempf, appeals.

On March 12, 1940, Glen Kempf and wife, the original defendants, gave plaintiff a chattel mortgage upon 1,800 bronze turkeys, hatched in 1940, and kept at their hatchery, together with all increase or additions thereto; "it being the intention of the mortgagors to move said turkeys at the age of 10 or 12 weeks to another location." These turkeys were afterwards moved to the farm operated by intervenor, Lloyd Kempf. The mortgage was to secure poultry feed to be furnished by plaintiff, up to $2,700. At the same time intervenor, Lloyd Kempf, executed a written instrument waiving all right, title or interest in said 1,800 bronze turkey poults, under a prior mortgage to him covering turkeys hatched in 1939. "The intention being not to release generally but only specially and solely in favor of the said Hubbard Milling Company and henceforth not to make or assert any claim, right, title or interest as against the said Hubbard Milling Company * * *."

Apparently, plaintiff did not charge to the mortgage account the items for which judgment was sought in the attachment suit but other similar items were charged to said mortgage. Several days after the levy of the attachment, intervenor paid the amount of the items which were charged to the mortgage and the mortgage was satisfied.

■ I. Intervenor assigns error to the order dismissing his petition of intervention, contending that the procedure adopted by plaintiff constituted a splitting of its cause of action and that the satisfaction of the mortgage was a bar to the maintenance of the principal suit against defendants.

A complete answer to appellant's contention is that his rights are solely those of an intervenor claiming the attached

property under Code sections 12136 and 12137. Under this summary procedure intervenor could not contest the right of plaintiff to prevail against the principal defendants. Intervenor must succeed, if at all, by showing his claim to the attached property to be senior and superior to the attachment. He may attack the validity of the lien of the attachment only as the same may be thereby rendered inferior to his own lien or rights. The contest is merely one involving the superiority of liens. Thielen v. Schechinger, 210 Iowa 224, 230 N. W. 516; Markley, Alling & Co. v. Keeney, 87 Iowa 398, 54 N. W. 251. And it may be noted that the petition of intervention is based solely upon the claim that intervenor was the absolute and unconditional owner of the attached property.

██ II. Intervenor complains that the trial court required him to assume the burden of proof upon his petition of intervention. The ruling of the trial court was correct. City National Bank v. Crahan, 135 Iowa 230, 239, 112 N. W. 793, 796; Remington Typewriter Co. v. McArthur, 145 Iowa 57, 123 N. W. 760.

██ III. Intervenor contends the evidence does not sustain the holding of the trial court that intervenor had failed to prove his ownership of the attached property. Upon this factual issue it should be noted that the findings of the trial court are tantamount to the verdict of a jury and will not be disturbed, if there is any evidence to substantiate them. Shierry v. Randall, 214 Iowa 1053, 243 N. W. 350; Jones & White v. Park, 220 Iowa 894, 262 N. W. 797, 264 N. W. 700.

The evidence was in dispute. On behalf of intervenor there was testimony that some of the turkeys on his farm had been secured from Glen Kempf but that he had bought these, the consideration therefor being the payment of plaintiff's mortgage. There was also evidence that none of these turkeys were attached but that the sheriff levied upon other and different turkeys belonging to intervenor and kept on the farm.

On behalf of plaintiff there was evidence that in July or August, 1,500 to 1,800 turkeys had been taken from Glen Kempf's hatchery to the farm and that shortly prior to the levy upon the turkeys, intervenor told a representative of plaintiff

that defendant, Glen Kempf, had 1,065 turkeys in the northwest pen on the farm; that he (intervenor) had not bought them but was caring for them and that plaintiff could take them, if it wanted to do so.

The sheriff testified he attached 1,800 turkeys in the northwest field of the farm and that at said time intervenor told him they were the turkeys he got from defendant, Glen Kempf, but that there were not that many belonging to Glen. On September 4th, intervenor joined in a verified motion in which he stated that about 800 of the attached turkeys were from his breeding stock and inferentially that only part of the attached turkeys had been secured from Glen Kempf. On September 11th, intervenor filed an affidavit in which he stated that about 800 of the attached turkeys were blooded turkeys belonging to him and upon which he had placed identification marks. On September 12th, intervenor pointed out 947 of the attached turkeys which he identified by said marks. The attachment upon said 947 turkeys was then released leaving 853 still under attachment.

Further elaboration of the record is unnecessary. There was substantial evidence to support the finding of the trial court that intervenor was not the owner of the turkeys retained by the sheriff under the attachment. Under the rule heretofore noted that finding is binding upon this court.

Wherefore, the order dismissing the petition of intervention is affirmed.—Affirmed.

BLISS, C. J., and MILLER, HALE, GARFIELD, SAGER, WENNERSTRUM, and MITCHELL, JJ., concur.