**STATE of Maine**

v.

**Joseph E. SIMANONOK, Personal Representative of the Estate of Anthony Simanonok, et al.**

Supreme Judicial Court of Maine.

Argued March 11, 1988.

Decided March 29, 1988.

Dennis Harnish (orally), Asst. Atty. Gen., Dept. of Human Services, Frank W. DeLong, Hunt, Thompson & Bowie, Portland, Frank G. Chapman, Augusta, for plaintiff.

Jospeh E. Simanonok, pro se (orally).

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

In this civil proceeding originating in the York County Probate Court, the Superior Court after a jury trial entered judgment against the Estate of Anthony Simanonok, late of Waterboro, in favor of the State of Maine in the principal amount of $11,810, representing the unpaid cost of care received by decedent while a patient at Augusta Mental Health Institute (AMHI) during the last 19 months of his life. The satisfaction of that judgment is secured by an attachment by trustee process, approved by the Probate Court, of a savings account in the amount of some $20,000 in the Biddeford Savings Bank standing jointly in the names of the decedent, his son Joseph E. Simanonok of Bradenton, Florida, and a grandson of the decedent.[1] The son also serves as the personal representative of the defendant Estate of Anthony Simanonok by appointment of the Probate Court. Through persistent and convoluted litiga-

---

1. Pursuant to 18–A M.R.S.A. § 6–107 (1981), this joint account did not pass automatically upon the death of Anthony Simanonok to the surviving joint tenants, but instead remained liable for paying any of the Estate's outstanding debts to the extent that the Estate's other assets were insufficient for that purpose.

tion moves in the Probate and Superior Courts over a period now of more than six years, along with a failed attempt to remove the case to the federal district court, the son without benefit of counsel has vigorously fought the State's claim for reimbursement, purporting to speak on behalf of the Estate, as well as on behalf of his own rights in the joint bank account. Prior to the jury trial that resulted in the money judgment in the State's favor, the Superior Court had dismissed as without merit two pleadings denominated counterclaims that the son filed against third parties attacking the freezing and attachment of the joint bank account and the application of social security benefits of the decedent to the payment of his expenses at AMHI. The Superior Court had also denied his repeated motions to dissolve the trustee process. Joseph Simanonok is now before us on appeal seeking vacation of the money judgment and the other orders of the Superior Court.

We find utterly groundless every attack made by appellant on the actions taken by the trial courts. For example, his only comprehensible claims of error supposedly committed in the jury trial challenged the Superior Court's quashing of his witness subpoenas and its refusal to give 19 instructions requested by him. He, however, had not tendered the required attendance and travel fees to any of the subpoenaed witnesses, *see* M.R.Civ.P. 45(c), and every one of his requested instructions either was irrelevant to any issue at trial before the jury, or was not generated by any evidence before the jury, or was simply wrong in its statement of the law. *See First of Maine Commodities v. Dube,* 534 A.2d 1298, 1302 (Me.1987); *Hamor v. Maine Coast Mem. Hosp.,* 483 A.2d 718, 722 (Me.1984); *Schneider v. Richardson,* 438 A.2d 896, 897 (Me.1981). He has shown no plausible ground in law for dissolving the trustee process on the joint bank account, and any discussion of his contentions on the dismissed "counterclaims" would dignify them beyond their worth.[2]

There exists another, even more basic difficulty with this appeal. The notice of appeal is signed only by Joseph Simanonok, a nonlawyer. The Estate of Anthony Simanonok has not appealed from the money judgment entered against it in favor of the State of Maine; nor has the Estate filed a brief or otherwise participated in this appeal in the only way in which it might do so, namely, through representation by a person admitted to practice law in Maine. The Simanonok Estate is the legal entity against whom the State of Maine asserts its claim for reimbursement, and a lay person, even though he has been appointed by the Probate Court to administer the probate estate, cannot represent the Estate in court, any more than the lay president of a close corporation could represent the corporate entity in *Land Management, Inc. v. Department of Envtl. Protection,* 368 A.2d 602, 603–04 (Me.1977). *See also Spickler v. Flynn,* 494 A.2d 1369, 1372 n. 3 (Me.1985).

Joseph Simanonok's attempt on this appeal to represent the Estate of Anthony Simanonok in seeking reversal of the State's money judgment against it constitutes the practice of law. For the protection of the client, the general public, and the courts, such practice of law is reserved to persons who have established their qualification therefor by admission to the bar. *See* 4 M.R.S.A. § 807 (Supp.1987). *See also Frazee v. Citizens Fidelity Bank & Trust Co.,* 393 S.W.2d 778, 782–83 (Ky. 1964); *State ex rel. Baker v. County Court of Rock County,* 29 Wis.2d 1, 8, 138 N.W.2d 162, 166 (1965); Annot., *Necessity that Executor or Administrator be Represented by Counsel in Presenting Matters in Probate Court,* 19 A.L.R.3d 1104, 1105–06 (1968). As the Wisconsin Supreme Court explained:

[A]n executor's appearance in the conduct of a probate proceeding is not to be

---

**2.** Before us appellant has continued to file a barrage of frivolous motions: one to dismiss the case on the ground that he as a retired Air Force major is not subject to the jurisdiction of a state court and a second, also seeking dismissal, filed only 11 days before oral argument, grounded on the patently false premise that the case has never been remanded by the federal district court.

deemed the mere appearance of an individual in his own behalf, but is also a representation of others, and therefore an executor not licensed to practice law must appear by an attorney.

*State ex rel. Baker v. County Court of Rock County,* 29 Wis.2d at 8, 138 N.W.2d at 166.

As long ago as October 1983, a Superior Court justice entered an order restraining Joseph Simanonok, a nonlawyer, from representing the Estate in court. The fact that a later Superior Court justice indulged him by permitting him to participate in the jury trial of the State of Maine's claim against the Estate does not give him any standing to appeal from the money judgment entered on the jury's verdict. Joseph Simanonok does not obtain standing to represent the Estate on the underlying claim simply because the State has attached a bank account of which he is a joint tenant. The joint tenant of attached property cannot contest the plaintiff's underlying claim against the principal defendant but is confined to litigating matters related to the validity of the attachment itself. *See Hubbard Milling Co. v. Kempf,* 231 Iowa 593, 594–95, 1 N.W.2d 698, 699 (1942); 6 Am. Jur.2d *Attachment and Garnishment* § 584 (1963). Under M.R.Civ.P. 24(a), a nonparty does not have a right to intervene in an action simply because of "a potential financial detriment resulting from the future enforcement of the plaintiff['s] judgment against [defendant's] estate...." *Jourdain v. Dineen,* 527 A.2d 1304, 1304 n. 1 (Me.1987). *See also Doe v. Roe,* 495 A.2d 1235, 1237–38 (Me.1985) (Rule 24(a) intervention depends upon whether the applicant "will either gain or lose by the direct legal operation and effect of the judgment") (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 24.1, at 401 (1970)).

On his individual appeal Joseph Simanonok has standing only as to the validity of the trustee process against the joint bank account and as to the "counterclaims" that he filed against third parties in connection with the freezing and attachment of that account. As already stated, those and all other aspects of his appeal are completely devoid of merit.

Plainly Joseph Simanonok's entire appeal is frivolous within the meaning of M.R. Civ.P. 76(f). *See Gurschick v. Clark,* 511 A.2d 36 (Me.1986). The State, however, is also to be faulted. It did not raise any objection to Joseph Simanonok's purported representation of the Simanonok Estate both in the Superior Court jury trial of the State's claim against the Estate and in the present appeal to this court from the judgment against the Estate. Since as a result significant court resources have been needlessly expended, we reduce the amount of the Rule 76(f) sanction that would otherwise be appropriate to order in favor of the State, which took the lead in defending against this appeal.

The entry is:

Judgment affirmed.

Treble costs and an attorney fee of $200 shall be paid by appellant Joseph E. Simanonok personally to appellee State of Maine.

Treble costs and $100 in attorney fees shall be paid by appellant Joseph E. Simanonok personally to appellees Biddeford Savings Bank and William J. Denyer.

All concurring.