MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2017 ME 181
Docket:         Cum-16-523
Submitted
  On Briefs:    May 25, 2017
Decided:        August 17, 2017

Panel:          SAUFLEY, C.J., and ALEXANDER, JABAR, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## BENJAMIN J. RUPERT

HJELM, J.

[¶1]  After a nonjury trial held in the District Court (Portland, *Kelly, C.J.*), Benjamin J. Rupert was adjudicated of having committed two traffic infractions.  Rupert appeals, arguing that the court erred by denying a motion in which he asserted a purported "right" to be represented in this matter by a person who is not licensed to practice law in Maine.  Because no such right exists—and because, in fact, that third-party representation would have constituted the unauthorized practice of law, which is a crime—the court correctly denied the motion, and we affirm the judgment.

[¶2]  In July 2016, a Scarborough police officer observed a vehicle being driven erratically and speeding in a thirty-five-mile-per-hour zone.  She initiated a traffic stop and issued Rupert, the operator of the vehicle, a traffic

2

summons for operating a motor vehicle in excess of the posted speed limit, *see* 29-A M.R.S. § 2073(3) (2016), and failing to maintain control of a motor vehicle, *see* 29-A M.R.S. § 2118 (2016).

[¶3]  Rupert contested the alleged violations, and a nonjury trial was held in November 2016.  The State was represented at the hearing by the officer who had issued the ticket, *see* 4 M.R.S. § 807(3)(M) (2016),[1] and Rupert was unrepresented.  At the commencement of the hearing, Rupert filed a "motion to enforce [his] right to plead and manage his own cause by himself and by any person of a decent and good moral character," explaining that he was "trying to get help from [his] father."  The court recessed the hearing to review the motion and take up other cases also scheduled for hearing.

[¶4]  When the hearing in Rupert's case resumed, the court sought to clarify the issue, stating, "So your memorandum indicates you believe that you have both the right to represent yourself and to have somebody else represent you who is not a lawyer."  Rupert confirmed that the court's understanding was correct.  The court then granted the motion to the extent that Rupert

---

[1]  Pursuant to 4 M.R.S. § 807(3)(M) (2016), the statutory prohibition against the unauthorized practice of law does not apply to "[a] law enforcement officer, as defined in Title 29-A, section 101, subsection 30, who is not an attorney but who is representing the State in the prosecution of a traffic infraction, as defined in Title 29-A, section 101, subsection 85, when representation in that matter has been approved by the prosecuting attorney."

requested to represent himself, but denied his request to be represented by a person—namely, his father—who is not authorized to practice law.

[¶5]  During the hearing, Rupert extensively cross-examined the officer both on the alleged violations and on extrinsic matters, but declined to testify himself.  Based on the unrebutted evidence presented by the State, the court entered a judgment finding that Rupert had committed the violations alleged in the summons and imposing fines totaling just over $300.  Rupert timely appealed.  *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3).

[¶6]  Contrary to Rupert's contention, there is no legal authority in Maine—constitutional or otherwise—that creates a right for him to be represented in this matter by a person, not licensed to practice law in Maine, who would not merely provide silent support, but would act as an advocate— to participate, in other words, as a licensed attorney would.  In fact, as we have previously explained, "[i]t is a Class E crime to practice law in Maine without first obtaining admission to the bar."  *Haynes v. Jackson*, 2000 ME 11, ¶ 13, 744 A.2d 1050; *see* 4 M.R.S. § 807(1)-(2) (2016).  There are a number of exceptions to the statute prohibiting the unauthorized practice of law, including one allowing a person to "plead[] or manag[e] that person's own cause in court."  4 M.R.S. § 807(3)(B) (2016); *see also* 4 M.R.S. § 860 (2016).

4

Neither section 807(3)(B) nor any other statutory exception or court rule, however, entitles Rupert to be represented in this case by a person who is not admitted to the Maine bar.[2]  *See Haynes*, 2000 ME 11, ¶ 14, 744 A.2d 1050 (explaining that although, "[a]t one time, any citizen of good moral character … was permitted [by statute] to represent his principal," the Legislature deleted that statutory language in 1931 in the same enactment that made it a crime to engage in the unauthorized practice of law (quotation marks omitted)); *State v. Simanonok*, 539 A.2d 211, 212 (Me. 1988) (stating that "[f]or the protection of the client, the general public, and the courts, [the] practice of law is reserved to persons who have established their qualification therefor by admission to the bar").

[¶7]  The trial court's ruling also did not amount to a constitutional deprivation.  Although a party's right to proceed without counsel has been recognized as a fundamental right protected, at least in criminal proceedings, by the Sixth and Fourteenth Amendments of the United States Constitution, *see Indiana v. Edwards*, 554 U.S. 164, 170 (2008); *Faretta v. California*, 422 U.S. 806, 818-21 (1975); *State v. Hofland*, 2012 ME 129, ¶ 14, 58 A.3d 1023, that

---

[2]  We have recognized that a court may, in its discretion, allow an unrepresented party to be accompanied in court by a "personal support person" who does not act as an advocate.  *State v. Murphy*, 2017 ME 165, ¶ 10, --- A.3d ---.

right has never been held to encompass the right to legal representation by a person not admitted to the bar, *see Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation."). Further, because this is a civil matter involving a traffic infraction, Sixth Amendment protections do not apply. *See* U.S. Const. amend. VI; 29-A M.R.S § 103(1) (2016). Therefore, contrary to Rupert's contention, no fundamental right was affected by the court's denial of his request to be represented by his father, and consequently the application of the statutory provision allowing the law enforcement officer, who was not a licensed attorney, to represent the State did not rise to the level of an equal protection violation. *See* 4 M.R.S. § 807(3)(M); *Tri State Rubbish, Inc. v. Town of New Gloucester*, 634 A.2d 1284, 1287 (Me. 1993).

[¶8] Because Rupert has not identified any federal or State constitutional provision, statute, or common law authority contravened by the court when it denied his request to be represented by a person not authorized to practice law in Maine, we affirm the judgment.

The entry is:

Judgment affirmed.

Benjamin J. Rupert, appellant pro se

Stephanie Anderson, District Attorney, and Emily E. Collins, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine

Violations Bureau docket number TI-2016-1194648
FOR CLERK REFERENCE ONLY